UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JULIO CÉSAR DE LA ROSA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 09-1217 (JAF)

(Criminal No. 05-309)

**OPINION AND ORDER**

We previously dismissed all but one of Petitioner's claims under 28 U.S.C. § 2255 for relief from sentencing by a federal court. (Docket No. 19.) We ordered Petitioner to show cause as to why we should not dismiss his final claim on grounds of procedural default. (Id.) Petitioner responds with a motion in compliance (Docket No. 20), a clarifying motion (Docket No. 21), an informative motion (Docket No. 22), and a Motion for Adjudication and Final Judicial Disposition (Docket No. 23).

I.

**Factual and Procedural History**

This case arises from Petitioner's conviction under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. app. § 1903 (current version at 46 U.S.C. §§ 70501–70507). Petitioner was a member of the crew of the Sea Atlantic, a vessel engaged in smuggling over 1,800 kilograms of cocaine when it was intercepted by the U.S. Coast Guard. We need not further recount the facts of the criminal offense, but we note that they already have been described in

Civil No. 09-1217 (JAF) -2-

detail by both the First Circuit, see United States v. Rodríguez-Durán, 507 F.3d 749 (1st Cir. 2007), and our prior judgment in this matter (see Docket No. 19).

At trial, Petitioner's principal defense was that he had participated in the crime under duress. The ship's captain testified that he had deliberately concealed the true purpose of the voyage from all crew members, including Petitioner, until they were at open sea and about to rendezvous with a smaller boat delivering cocaine to the Sea Atlantic. The captain further testified that the crew was told that if they refused to participate in the smuggling, they would be turned over to the boat making the delivery and taken to Colombia where they would meet an uncertain fate. The government impeached the captain's testimony in two respects: (1) the captain admitted he lied to law enforcement officers on several occasions throughout the investigation; and (2) the first officer's cabin housed two pieces of paper, one containing a secret code and the other listing the first name of the alleged mastermind and a phone number—circumstantial evidence that the captain lied when he said all of the crew members were unaware of the true purpose of the voyage. In addition, the confession of Petitioner's codefendant and fellow crew member, Ronald José Morelis-Escalona, entered the record through the testimony of Immigration and Customs Enforcement Special Agent José Rosado-Santiago. Agent Rosado-Santiago testified that Morelis-Escalona confessed that the mastermind of this drug smuggling venture had informed Morelis-Escalona of the purpose of the voyage and offered him $40,000 for the job. Petitioner's counsel did not request a limiting instruction on this issue at trial, and Petitioner did not raise this issue on appeal.

Petitioner raised this issue, however, in his § 2255 petition. The government did not raise procedural default as a defense to this claim. We raised it sua sponte and ordered Petitioner to show cause as to why procedural default would not bar his claim. See Oakes v. United States,

Civil No. 09-1217 (JAF)                                                                                                    -3-

400 F.3d 92, 97–99 (1st Cir. 2005) (holding that a district court may raise procedural default sua sponte where adequate notice and opportunity to respond is provided).

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, even if true, do not entitle him to relief, or . . . 'state conclusions instead of facts, contradict the record, or are inherently incredible.'" Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (quoting United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993)); see 28 U.S.C. § 2255(b). A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982).

## III.

### Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner responds to our order to show cause with two arguments: (1) it is improper for a court to raise procedural default sua sponte; and (2) the procedural default in this case should be excused on account of cause and resulting prejudice. We address each argument in turn.

### A.     Raising Procedural Default Sua Sponte

Petitioner argues that our raising of the procedural default defense was improper. (See Docket No. 23 at 2–4.) Petitioner bases his argument on the Supreme Court's recent discussion of the party presentation principle in Greenlaw v. United States, 554 U.S. 237, 243–46 (2008). In that case, a defendant appealed his sentence and included an argument that the district court had erred in sentencing him to thirty-six years' imprisonment; he contended fifteen years' imprisonment was the appropriate sentence. While the district court had erred at sentencing, it was not to the defendant's detriment but in his favor; the court had sentenced him to a term fifteen years shorter than that which he should have received. In opposing the defendant's appeal, the government noted that the sentence was actually too short but did not file its own appeal seeking resentencing. The Eighth Circuit, stating that it had authority to sua sponte correct the district court's error, vacated the sentence and remanded with instructions to impose the higher sentence. The Supreme Court found that the Eight Circuit's order had violated the party presentation principle. "[C]ourts do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties." Id. at 244. This principle stems from the notion that courts act as neutral arbiters and rely on parties to present issues for decision. Id. at 243. So, Petitioner argues, by raising procedural default sua sponte we are assuming the government's role and stepping outside our function as neutral arbiter.

Petitioner misreads Greenlaw to support the proposition that we may not raise procedural default sua sponte. Justice Ginsburg's unanimous opinion limited Greenlaw's discussion of the party presentation principle to cases "in the first instance and on appeal." Id. This language was not superfluous. The First Circuit previously noted that § 2255's procedural default rule has the

dual goals of preserving the integrity of final judgments and preventing the waste of scarce judicial resources. See Oakes, 400 F.3d at 96–97. The party presentation principle counsels us against raising a defense for a party before appeals have been exhausted, but once a judgment becomes final, the "institutional values" of judicial economy and finality "transcend the litigants' parochial interests." Id. at 97. The First Circuit has further noted that "in all but the most exceptional circumstances, 'the great desirability of preserving the principle of finality of judgments preponderates heavily over any claim of injustice.'" Comfort v. Lynn Sch. Comm., 560 F.3d 22, 26 (1st Cir. 2009). For these reasons, we find that the discussion of the party presentation principle in Greenlaw does not undermine the First Circuit's earlier precedent that procedural default may be raised sua sponte by district courts. See Oakes, 400 F.3d at 97.

**B.     Cause and Prejudice**

Petitioner next argues that there is both cause for his procedural default and a resulting prejudice. He claims that the failure to request a limiting instruction was an example of ineffective assistance of counsel, thus satisfying both the cause and prejudice prongs.

The success of an ineffective-assistance-of-counsel claim depends on Petitioner's showing a deficient performance by his trial counsel. See Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010). Performance is deficient where the trial counsel's representation "fell below an objective standard of reasonableness," a standard that is informed by "prevailing professional norms." Id. (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).

Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," and said probability is less onerous than a "more likely than not" standard. Id.

Civil No. 09-1217 (JAF) -6-

We previously denied Petitioner's claim that failure to request a limiting instruction was ineffective assistance. Petitioner argues that our prior determination incorrectly concluded that no prejudice resulted from the confrontation clause violation because overwhelming evidence of Petitioner's guilt existed. We briefly reiterate our reasoning. While it is true that Petitioner did not have to contend with the more damning evidence presented against the captain and first officer, we remain convinced that the presentation of a limiting instruction would not have resulted in a reasonable probability of acquittal. First, Morelis-Escalona's confession was only in regard to his own knowing participation in the smuggling conspiracy, and did not implicate Petitioner or other crew members. The only potential prejudicial effect this confession had was to the extent it impeached the captain's testimony that no crew members were aware the ship would be carrying cocaine prior to leaving port and that they participated only under duress. This testimony, however, was twice impeached by the Government—notwithstanding Morelis-Escalona's confession. For these reasons, we find no reasonable probability that the presence of a limiting instruction would have caused a different outcome in Petitioner's case.

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no

Civil No. 09-1217 (JAF) -7-

way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Federal Rule of Appellate Procedure 22.

V.

**Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket Nos. 1; 5). We summarily **DISMISS**, as procedurally defaulted, the remaining claim based on the failure to issue a limiting instruction. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief in this court. We **DENY** Petitioner's Motion for Adjudication and Final Judicial Disposition (Docket No. 23). We **DENY** as moot Petitioner's motion for an evidentiary hearing and appointment of counsel (Docket No. 13).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 1st day of March, 2011.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge